IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CONNIE FRANCES WHIGUM,
  Plaintiff,

vs.               Case No.: 3:14cv509/MCR/EMT

UNITED STATES OF AMERICA, et al.,
  Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

  Plaintiff, a non-prisoner proceeding pro se, commenced this action by filing a "Notice of Removal" (doc. 1). She also filed a motion to proceed in forma pauperis ("IFP") (doc. 2); however, she subsequently paid the filing fee.

  Plaintiff's original pleading is largely incomprehensible, but from what the court can glean, Plaintiff seeks to "remove" or "transfer" to this court one or more cases she commenced in the Circuit Court in and for Escambia County, Florida. The documents submitted by Plaintiff, which number over five hundred pages, include copies of documents filed in the following Escambia County Circuit Court cases, as evidenced by the state clerk of court's docketing stamp: Case No. 1995-DR-002762, Division M (a dissolution of marriage action commenced by Plaintiff and dismissed on September 5, 2014); Case No. 2013-CA-000681, Division D (a civil action commenced by Plaintiff and dismissed on May 28, 2013); Case No. 2012-CP-000923, Division D (a probate action commenced by Plaintiff and dismissed on June 2, 2014); and Case No. 2012-CA-003008, Division D (a civil action commenced by Plaintiff and dismissed on February 27, 2013) (*see* docs. 1, 6, 7).[1]

---

[1] The court takes judicial notice of information available on the database maintained by the Clerk of Court for Escambia County, Florida, which shows the nature of each case, the initiating party, and the final disposition. *See* Fed.

Section 1441 of Title 28 states, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed <u>by the defendant or the defendants</u>, to the district court of the United States. . . ." 28 U.S.C. § 1441(a) (emphasis added).  Section 1443 states that "[a]ny of the following civil actions . . . commenced in a State court may be removed <u>by the defendant</u> to the district court of the United States . . . ." 28 U.S.C. § 1443.  By clear and unambiguous language, a defendant is permitted to remove an action to federal court.  "No right exists in favor of a person who, as plaintiff, has filed an action in the state court, to cause the removal of such action to a federal court." <u>In re Walker</u>, 375 F.2d 678, 687 (9th Cir. 1967).  Such a rule is well established. *See, e.g.,* <u>Chicago, Rock Island & Pacific R.R. v. Stude</u>, 346 U.S. 574, 580, 74 S. Ct. 290, 98 L. Ed. 317 (1954); <u>Jones v. Giarrusso</u>, 517 F. App'x 246, 247 (5th Cir. 2013) (unpublished); <u>Geiger v. Arctco Enterprises, Inc.</u>, 910 F. Supp. 130, 131 (S.D.N.Y. 1996); <u>Smith v. St. Luke's Hosp.</u>, 480 F. Supp. 58 (D.S.D. 1979) (holding that a plaintiff has no right of removal under 28 U.S.C. § 1441); <u>Union Const. Co. v. Dillingham Corp.</u>, 334 F. Supp. 502, 503 (S.D. Tex. 1971) ("A plaintiff cannot remove a case from a State to a Federal Court.  [Title] 28 U.S.C. § 1441, specifically permits removal by a defendant or defendants, but not by a plaintiff."); <u>Coastal Air Serv., Inc. v. Tarco Aviation Serv., Inc.</u>, 301 F. Supp. 586, 588 (S.D. Ga. 1969); <u>Little v. Dep't of Health Dir. Med. Quality Assur.</u>, No. 4:07cv00390-MP-WCS, 2007 WL 4531554 (N.D. Fla. Dec. 19, 2007) (unpublished) (a plaintiff may not remove a case she originally filed in state court; only a defendant may remove a case).  Furthermore, Section 1446 discusses the removal procedure in the exclusive context of removal by a defendant or defendants.  28 U.S.C. § 1446.  Thus, Plaintiff's attempt to "remove" or "transfer" one or more of her state court actions to this court based upon the legal theory that § 1441 or 1443 permits removal by a plaintiff, is indisputably meritless.

---

R. Evid. 201; <u>United States v. Berrojo</u>, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* <u>Mangiafico v. Blumenthal</u>, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); <u>In re Salem</u>, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); <u>Dawson v. Mahoney</u>, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); <u>United States v. Mercado</u>, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

The federal statute pursuant to which Plaintiff seeks to invoke this court's jurisdiction does not provide a jurisdictional basis for this action. Furthermore, all of the state cases Plaintiff references were closed prior to her filing the "Notice of Removal" in this case. A closed state court case cannot logically be removed to federal court. *See, e.g.*, Ga. Dep't of Human Res. ex. re. D.J. v. Jenkins, No. CV-112-183, 2013 WL 326199, at *2 (S.D. Ga. Jan. 2, 2013) (unpublished), *Report and Recommendation Adopted by* 2013 WL 325620 (S.D. Ga. Jan. 28, 2013) (unpublished).

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (doc. 2) is **DENIED** as moot.

And it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED**.

2. That the clerk enter judgment accordingly and close the file.

At Pensacola, Florida, this 6th day of October 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**